UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2803** |
| **N. BURL CAIN, WARDEN** | **SECTION "G" (5)** |

## ORDER AND REASONS

Before the Court is Petitioner Tyrone Wilson's ("Petitioner") objection[1] to the August 1, 2012, Report and Recommendation of the United States Magistrate Judge assigned the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed a petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[3] Petitioner argues that his trial counsel was ineffective.[4] He also contends that there was insufficient evidence to support his conviction, and the jury engaged in improper deliberations.[5] The Magistrate Judge recommends that the matter be dismissed with prejudice.[6] Petitioner objects to the Magistrate Judge's finding that the jury's deliberations did not violate his right to a fair trial.[7] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court will overrule Petitioner's objection, adopt the Magistrate Judge's recommendation and

---

[1] Rec. Doc. 28.

[2] Rec. Doc. 25.

[3] Rec. Doc. 1.

[4] *Id.* at 5–6.

[5] *Id.* at 7–9.

[6] Rec. Doc. 25 at 31.

[7] Rec. Doc. 14.

dismiss this action with prejudice.

# I. Background

*A. Factual Background*

On August 11, 2005, Petitioner and his co-defendant were indicted for armed robbery and aggravated rape.[8] On December 7, 2007, after a five day trial, Petitioner was found guilty on both counts.[9] His motions for a new trial and post-verdict judgment of acquittal were denied by the trial court.[10] On November 3, 2008, he was sentenced on count one, armed robbery, to serve twenty-five years at hard labor with credit for time served and on count two, aggravated rape, to serve life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.[11]

Petitioner's convictions and sentences were affirmed by the Louisiana Fourth Circuit Court of Appeal on February 17, 2010,[12] and by the Louisiana Supreme Court on October 15, 2010.[13] Petitioner's application for state post-conviction relief was denied by the trial court on February 8, 2011,[14] and the Louisiana Fourth Circuit Court of Appeal on September 21, 2011.[15] On July 21, 2011, Petitioner filed a writ of certiorari with the Louisiana Supreme Court, which was denied on April 13, 2012.[16]

---

[8] State Rec. Vol. I of III at 1a, Indictment (Aug. 11, 2005).

[9] State Rec. Vol. I of III at 90, Minute Entry (Dec. 7, 2008).

[10] State Rec. Vol. III of III, Motion Hearing Transcript (Oct. 15, 2008).

[11] State Rec. Vol. III of III at 753, Sentencing Transcript (Nov. 3, 2008).

[12] *State v. Wilson*, 09-304 (La. App. 4 Cir. 2/17/10); 60 So. 3d 1031.

[13] *State v. Wilson*, 10-654 (La. 10/15/10); 45 So.3d 1110.

[14] State Rec. Vol. I of Supplemental Vol. I at 1, Minute Entry (Dec. 7, 2008).

[15] *State v. Wilson*, 11-738 (La. App. 4 Cir. 9/21/11).

[16] *State ex rel. Wilson v. State*, 11-1636 (La. 4/13/12); 85 So.3d 1241.

On or about October 25, 2011, Petitioner filed an application for federal *habeas corpus* relief raising the following claims: (1) he received ineffective assistance of counsel; (2) there was insufficient evidence to support his convictions; and (3) his right to a fair trial was violated because the jury improperly considered the fact that he did not testify at trial and none of his family testified on his behalf.[17] On November 17, 2011, Petitioner filed a supplemental petition, rearguing that his right to a fair trial was violated because of the jury's improper deliberations.[18] On December 16, 2011, the State filed a response arguing *inter alia*, that Petitioner had not exhausted all state court remedies.[19]

## *B. Report and Recommendation Findings*

On August 1, 2012, the Magistrate Judge recommended that Petitioner's claims be dismissed with prejudice.[20] When Petitioner filed his *habeas* complaint in federal court, Petitioner had not exhausted his state court remedies as his complaint for post-conviction relief was still pending before the Louisiana Supreme Court.[21] However, pursuant to 28 U.S.C. § 2254(b)(2) the Magistrate Judge reviewed Petitioner's complaint on the merits.[22] The Magistrate Judge addressed Petitioner's three claims separately: ineffective assistance of counsel, insufficiency of the evidence, and improper jury deliberations.[23]

---

[17] Rec. Doc. 1.

[18] Rec. Doc. 10.

[19] Rec. Doc. 12 at 11–12.

[20] Rec. Doc. 25 at 31.

[21] *Id*. at 5.

[22] *Id*. (citing 28 U.S.C. § 2254(b)(2)) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

[23] *Id*. at 21–31.

In assessing Petitioner's ineffective assistance of counsel claim, the Magistrate Judge utilized the *Strickland* standard, which requires a petitioner to demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense.[24] Petitioner argued that his counsel proved ineffective by failing to interview or subpoena Dottie Washington, whom Petitioner alleges would have given him an alibi.[25] The Magistrate Judge reviewed the police report detailing Detective Michael McCleery's interview with Washington.[26] The police report stated that Washington claimed she only knew Petitioner through her son and could not recall when Petitioner arrived at her house or his attire because she had been drinking.[27] The Magistrate Judge found trial counsel's failure to perform a follow-up interview of Washington did not qualify as deficient performance nor did it prejudice Petitioner.[28]

The Magistrate Judge then addressed Petitioner's insufficiency of the evidence claim.[29] Petitioner argued that the prosecution failed to establish his identity as one of the perpetrators because neither the fingerprints nor the DNA collected at the scene or from the victim matched his DNA.[30] The Magistrate Judge noted that no physical evidence collected from the scene or the victim matched Petitioner's DNA.[31] The Magistrate Judge discussed the discrepancies between the victim and the witness identifications of Petitioner, particularly the length of Petitioner's hair and the

---

[24] *Id*. at 22 (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

[25] *Id.*

[26] *Id*. at 23.

[27] *Id.* at 23 (citing State Rec. Vol. II of III at 347–48, Police Report (Jul. 21, 2005)).

[28] *Id*. at 23–24.

[29] *Id.*

[30] *Id.*

[31] *Id.*

absence or presence of tattoos.[32] The Magistrate Judge concurred with the Louisiana Fourth Circuit's analysis of the insufficiency of the evidence claim, finding that the jury, as the ultimate trier of fact, did not abuse its discretion by finding the victim and the witness identifications credible.[33]

Finally, the Magistrate Judge addressed Petitioner's allegation of improper jury deliberations.[34] Petitioner contends that the jury violated his constitutional right to a fair trial because the jury improperly considered Petitioner's choice not to testify and the fact that no family members testified on his behalf during trial.[35] Petitioner relied on a sworn statement from a student attorney who spoke with a juror who claimed that the jury considered during deliberations Petitioner's failure to testify and his family members lack of testimony during trial.[36] The Magistrate Judge found that because members of the jury relied upon their own observations and not extrinsic evidence, Petitioner's right to a fair trial was not violated.[37]

## II. Objections

### A. *Petitioner's Objection*

Petitioner raises only one objection to the Report and Recommendation.[38] He argues that the Magistrate Judge erred in determining his claim based upon improper jury deliberations.[39] He alleges that the jury impermissibly "considered it negative that [Petitioner] did not testify at trial, that no

---

[32] *Id.* at 25–28.

[33] *Id*. at 28-29.

[34] *Id.* at 29–31.

[35] *Id*. at 29.

[36] *Id*.

[37] *Id.* at 31.

[38] Rec. Doc. 28.

[39] *Id*. at 2.

family members of [Petitioner] attended trial or testified as to his character."[40]

## B. State's Response

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing on August 15, 2012.

### III. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[41] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[42]

### B. Standard of Review Under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant Writs of *Habeas Corpus* in cases where a state court has adjudicated the petitioner's claim on the merits.[43]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court."[44]

---

[40] *Id.* at 2.

[41] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[42] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[43] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[44] 28 U.S.C. §2254(d)(1).

The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[45] A federal *habeas* court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal *habeas* court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[46]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[47]

## IV. Law and Analysis

### A. *Improper Jury Deliberations*

Petitioner contends that his constitutional right to a fair trial was violated because the jury, during its deliberations, improperly considered the fact that he did not testify on his own behalf, along with the fact that no members of his family spoke on his behalf. In support of this claim, Petitioner provided a sworn statement dated September 23, 2008, from Elizabeth Cumming who "served as student counsel for defendant, Tyrone Wilson during the academic year 2007-2008."[48] In her statement, Ms. Cumming represents that one of the jurors, Dr. Robert Metheney, informed her via telephone "that he and the other jurors thought it was negative that Tyrone Wilson could not

---

[45] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-404, (2000)).

[46] *Id.*

[47] 28 U.S.C. §2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[48] State Rec. Vol. I of III at 180; Rec. Doc. 10 at 10.

speak for himself, even though he seemed to be from a nice middle class home."[49] Further, Dr. Metheney informed Ms. Cummings "that he and the other jurors talked about the lack of family members in the courtroom and the fact that no one spoke from his family."[50]

"Central to the right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments, is the principle that 'one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial.'"[51] While a jury verdict may be attacked on the basis that jurors considered outside or extrinsic evidence, "(e.g., newspapers, statements by court personnel)," a "jury's internal deliberations cannot result in a mistrial."[52] A jury's discussion of the defendant's failure to testify in his own defense is not extrinsic evidence.[53]

In the instant case, Petitioner has presented evidence showing that the jury, during deliberations, discussed the fact that neither he nor his family testified on his behalf. Although the jury's discussion of these issues clearly violated the trial court's instructions, these discussions concerned part of what happened at trial not evidence extrinsic to it. Petitioner has not shown that the jury considered any extrinsic evidence in their deliberations.

Further, Petitioner did not raise this claim on direct appeal or during his post-conviction

---

[49] *Id.*

[50] *Id.*

[51] *Holbrook v. Flynn*, 475 U.S. 560, 567 (1986) (quoting *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978)).

[52] *United States v. Straach*, 987 F.2d 232, 241 (5th Cir. 1993).

[53] *See also Raley v. Ylst*, 470 F.3d 792, 803 (9th Cir. 2006), *cert. denied*, 552 U.S. 833 (2007) ("The fact that petitioner did not testify in his own defense is not extrinsic evidence. Although the jury's discussion of this issue clearly violated the trial court's instructions, what happened (or did not happen) in the courtroom was a part of the trial, not extrinsic to it. We may not inquire into a jury's deliberations concerning the evidence at trial."). *Cf. Davis v. United States*, 47 F.2d 1071, 1072 (5th Cir. 1931).

relief proceedings. "A fundamental prerequisite to federal habeas relief under Section 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[54] Accordingly, upon *de novo* review, the Court finds Petitioner's claim without merit.

## *B. Report and Recommendation Findings Not Objected To*

In assessing Petitioner's ineffective assistance of counsel claim, the Magistrate Judge utilized the *Strickland* standard, which requires a petitioner to demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense.[55] Petitioner argued that his counsel proved ineffective by failing to interview or subpoena Dottie Washington, whom Petitioner alleges would have given him an alibi. The Magistrate Judge found trial counsel's failure to perform a follow-up interview of Dottie Washington did not qualify as deficient performance nor did it prejudice Petitioner. Reviewing for plain error and finding none, the Court adopts the Magistrate Judge's finding that Petitioner's ineffective assistance of counsel claim is without merit.

The Magistrate Judge then addressed Petitioner's insufficiency of the evidence claim. Petitioner argued that the prosecution failed to establish his identity as one of the perpetrators because neither the fingerprints nor the DNA collected at the scene or from the victim matched his DNA. The Magistrate Judge found that the jury, as the ultimate trier of fact, did not abuse its discretion by finding the victim and the witness identifications credible. Reviewing for plain error, the Court finds none and adopts the Magistrate Judge's finding that Petitioner's insufficiency of the evidence claim is without merit.

---

[54] *Preiser v. Rodriguez*, 441 U.S. 475, 500 (1973).

[55] *See Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation, and Petitioner Tyrone Wilson's petition for issuance of a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 24th day of July, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**